IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS YOUNG, | : | |
| Plaintiff, | : | 1:17-cv-1736 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| C/O EDWARD, *et al.*, | : | |
| Defendants. | : | |

# **MEMORANDUM**

**September 26, 2018**

Plaintiff Curtis Young ("Plaintiff" or "Young"), who at all times relevant, was incarcerated at the State Correctional Institution at Benner ("SCI-Benner"), Bellefonte, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2017, in the United States District Court for the Eastern District of Pennsylvania. (Docs. 1, 5). The Eastern District transferred the matter to this Court on September 27, 2017. (Doc. 6).

Young names as Corrections Officers Edwards, Knepp, and Mall, Sergeant Gerber and Superintendent Tammy Ferguson as defendants. Before the Court is Defendants' motion (Doc. 12) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Because Young failed to oppose the motion, on June 21, 2018, the Court issued an order indicating that the motion was unopposed and afforded Young the opportunity to file a brief in

opposition. (Doc. 16). The Court also cautioned Young that his failure to file an opposition brief would result in the motion being deemed unopposed. (*Id.*) Young did not avail himself of the opportunity to oppose the motion. In fact, Young has not communicated with the Court since June 12, 2018. (Doc. 15). Consequently, the motion is deemed unopposed and, for the reasons that follow, will be granted.

I. **ALLEGATIONS OF THE COMPLAINT**

Young alleges that on May 16, 2017, after exercising in the prison yard, he returned to his cell to find it destroyed. (Doc. 5, p. 3). The destruction allegedly occurred during a security search conducted by Defendants Edwards and Knepp. (*Id.*) Defendant Gerber allegedly told him "don't worry about it you'll be okay." Among the papers and pictures on the floor of the cell were ripped pictures of his only daughter, who is deceased. (*Id.*) He became distraught and tied a sheet around his neck and attempted to kill himself. (*Id.*) Corrections Officer Miller entered his cell, commented that "like that's crazy what they did and wrote [him] a confiscation slip and a new property inventory sheet to prove C/Os Edwards and Knepp ripped [his] property." (*Id.*) He alleges that Defendants' conduct amounted to cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 6, 7). He seeks compensatory damages.

## II. RULE 12(B)(6) STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court

> should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*

## III. <u>DISCUSSION</u>

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Defendants Mall, Gerber and Ferguson

Defendants seek to dismiss the claims against Mall, Gerber, and Ferguson, arguing that Young fails to allege that they were personally involved in the alleged unconstitutional conduct. (Doc. 13, p. 5). Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of *respondeat superior*." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal

5

involvement in the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

As concerns Defendants Mall and Ferguson, beyond including their names in the caption and listing them as defendants, the complaint does not contain any allegations that either individual was personally involved in the alleged unconstitutional conduct. (Doc. 5, pp. 1, 2). Likewise, the complaint is bare of allegations of Defendant Gerber's personal involvement in the alleged unconstitutional conduct. The only allegation concerning Gerber is that he had a brief conversation with Young about the condition of his cell. (Doc. 3, p. 3). The complaint against these individuals is subject to dismissal based on their lack of personal involvement. Notably, Young fares no better if he is seeking to impose liability on Defendants Gerber and Ferguson because of their supervisory roles; liability cannot be based on *respondeat superior*.

### b. Defendants Edwards and Knepp

Young alleges that Defendants Edwards and Knepp violated the cruel and unusual punishment clause of the Eighth Amendment when they ripped the pictures of his deceased daughter during a security cell search. Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825 (1991). The Eighth Amendment

prohibits conditions of confinement that violate "evolving standards of decency" or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Among the guarantees associated with Eighth Amendment protection is the right to "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (quoting *Farmer*, 511 U.S. at 832). Prison officials must ensure that inmates receive "adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. The incidents complained of must be "sufficiently serious" or "cumulatively egregious in the harm they inflicted." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).

"[A]n inmate must allege both an objective element-that the deprivation was sufficiently serious-and a subjective element-that a prison official acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference." *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996) (citing *Wilson v. Setter*, 501 U.S. 294 (1991)). A deprivation is "sufficiently serious" when it results in the denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. A prison official demonstrates deliberate indifference if he knows of and disregards an excessive risk to the inmate's health or safety." *Id.*

Young fails to satisfy the objective element of an Eighth Amendment claim in that he fails to allege a sufficiently serious deprivation. An Eighth Amendment violation requires that a plaintiff allege he was deprived of "basic human needs, such as food, clothing, shelter, sanitation, medical care, and personal safety." *See Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir.1997). The alleged destruction of personal property does not constitute a deprivation of the sort within the protection of the Eighth Amendment. *Dean v. Folino*, 2011 WL 4527352, at *3 (W.D. Pa. Aug. 22, 2011), report and recommendation adopted, 2011 WL 4502869 (W.D. Pa. Sept. 28, 2011) (citing *Clark v. Fiske*, 2005 WL 3617731, at *2 (W.D. Tex., Sept. 20, 2005) (stating "[i]n his motion to dismiss, Officer Breen argues that Clark's factual allegations fail to state a claim. He correctly states that a claim for destruction of property does not state a claim under the Eighth Amendment.")). Further, as noted by Defendants, the cell search and destruction of his property does not rise to the level of a constitutional violation. Prisoners do not have a right to privacy and freedom from unreasonable searches of their cells and the attendant loss or destruction of personal property. *See Hudson v. Palmer*, 468 U.S. 517, 526, (1984); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001).

## IV. **LEAVE TO AMEND**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002). The Court concludes that granting Young leave to amend would be futile. Young has not been in contact with the Court since June 12, 2018, Young failed to oppose the motion to dismiss, and it is clear that allegations of destruction of property do not rise to the level of an Eighth Amendment violation.

## V. **Conclusion**

Based on the forgoing, Defendants' motion (Doc. 12) to dismiss will be deemed unopposed and granted.

The Court will enter an appropriate Order.